Good morning, good morning. Jeffrey Jones for the appellant, David Henderson. And I would like to reserve two minutes for rebuttal if I can. Under this court's decision in Bills v. Clark, Mr. Henderson had the initial burden of production to make a non-frivolous showing of a serious mental impairment. Once he made that non-frivolous showing, he was entitled to an evidentiary hearing. Under Bills, the district court was not permitted to apply the two-prong test in Bills and hold Mr. Henderson to his ultimate burden of proof before holding an evidentiary hearing, given that he made that initial showing. And the magistrate judge here found that he had made a showing of a mental impairment during the relevant period, then leaped ahead and applied the two-prong test and held him to his ultimate burden of proof. And that mode of analysis violates Bills v. Clark. Let me ask you though, just sort of cutting to the chase on this, where in the record, what would Henderson, what does he seek to equitably toll? I don't see anything that shows that he's ever made a proffer of what he would show in order to equitably toll. I mean, he does have mental illness, everyone knows that, and he has a fairly long history, but perhaps, and he has schizophrenia, right? What's that? Schizophrenia is his diagnosis. Paranoid schizophrenia as well as PTSD. And that can, as I understand it, can involve periods of severe impairment and periods of less impairment. True. And so if that's true, why do we really need to consider his mental health from before after the period? Isn't it relevant where he was at the time? I think the showing he has made is that he has a lifetime period, a lifetime history of paranoid schizophrenia. And I heard the point that he... But apparently he was able to file other things during that period of time, so that seems to be a little bit of a problem for him. Indeed. I think Bills v. Clark addresses that directly, which is that, yes, he had help to file. The record shows that he needed a lot of help to file. Perhaps he didn't draft anything on his own. The Nichols Declaration, an early declaration in 2007, that inmate, a jailhouse lawyer, said he drafted the whole document. Henderson declares that he needed the help of a prison guard to draft a simple letter. I think the record, it's a fair inference, and the record's not complete, but there's a fair inference that he wasn't able to do anything on his own. So he had help. The question then becomes, and this is addressed directly in Bills v. Clark as well, was he diligent in obtaining help? When the statute began to run, given his impairments, what they were, was he able to find help? Was he diligent under the totality of the circumstances in locating that help? And then once he did locate it, did his mental impairment prevent him from monitoring and controlling the efforts of the inmates that were helping him? And that's precisely the inquiry that Bills contemplates, and critically, Bills contemplates that inquiry after an evidentiary hearing. And to your point about the timing of the mental illness, his initial burden was only to make a non-frivolous showing. And I would submit that he made a non, he just hasn't established, he hasn't proven, he hasn't established his ultimate burden of proof to show that he had the requisite mental impairment during the statutory period. Did he request an evidentiary hearing in the district court? Yes, he did. In the objections to the magistrate's report and recommendation. It specifically said he requested a hearing? Oh yes. Like you're requesting? He specifically requested one. Though he wasn't, he definitely did, and the record shows that, but he wasn't required to. Under Bills, he's not, it's not a question. So beyond the record, what would he show to support severe mental impairment during that period? Well. What would he show? You must know that. I mean, we don't do hearings for nothing, so what would he show? No, of course not. Well, he'd have, he'd expand the record first to show, to show what his impairment was more specifically during the time frame. And I have no idea what records might be out there that haven't been produced. Also, I mean, he was obviously in prison during that entire time, so he's at the mercy of whatever health care they were providing. An evidentiary hearing could also, I mean, potentially you could have an expert examine him now and extrapolate based on the record, perhaps an expanded record, what his likely condition was at that time. And critically, you know, the Nichols Declaration from 2007, that inmate wrote his initial habeas petition to the state court. Now, that person had just become his cellmate, had been his cellmate for a month. And so prior to that, he didn't have Nichols there. And what happened during that year before he became Nichols' cellmate and obtained Nichols' help to draft that petition? Was he diligent in seeking other help or did he do the best he could under the circumstances? And then that was the first time he could obtain help. And then the subsequent declarations by Hills and Shaw show that he had those jail health lawyers much later. Did he have to show that his mental impairment was the but-for cause of his failure? He has to ultimately show that. He did not have to show that at this point. So how can he meet that burden if the record shows that he has available to him the help of others and that he has sought post-conviction relief in the past? How can he satisfy that but-for? Because of the timing of his help for others. I mean, he had the help for others, but obviously it wasn't timely help. And the question is, was that his fault or was it not his fault? Was he diligent, in other words? And that's also the but-for test. And it's a totality of the circumstances analysis. And the law of this circuit contemplates that an evidentiary hearing addresses that. Maybe you could address the case that I think the government cited in its 28-J letter, that Ye? Oh, Ye, yes. It seems very similar, and we affirmed there without granting that entry. We did. We did. And I think the case is dissimilar for this reason. Mr. Ye alleged a mental impairment. That's what he styled it. His mental impairment was language deficiency. He didn't allege mental illness. The court in Ye, while they did apply the two prompt test and bills, and there was no evidentiary hearing, the court noted that language deficiency, and there was no allegation whatsoever of mental illness, language deficiency is only a basis for equitable tolling if you lack translator services. I thought there were two different grounds, actually. But the main point is that there we relied on the fact that I guess it was Mr. Ye, too, was able to file state court petitions. Yes, and because he had no mental disability. Well, Counsel, hold on. On page 1078 of the opinion, it talks about Ye's mental impairment claim failed. So there was a mental impairment claim in that case. I believe the magistrate judge had made a finding in that case that his – I'm just reading from the opinion. It says, first, it cannot be that his mental impairment was so severe as to be the but-for cause for his delay. I'm from the opinion that since Ye received assistance in translation during an early time period, his lack of linguistic understanding could not have made it possible. You raised two separate grounds for equitable tolling. You're focused on the first. We're focused on the second, the mental impairment. I didn't believe that he made any showing at all. Well, I don't believe that he made a non-frivolous showing of mental impairment in the form of mental illness. I don't believe – I have a copy of the opinion, but I don't recall seeing that he made any non-frivolous showing, any showing whatsoever of mental impairment other than a language. Well, maybe you might want to since I think Judge Owens has put the scythe there. You're at two minutes. If you want to reserve for rebuttal, you might want to look at that. Absolutely. When you come back, tell us that. Okay. Thank you. Thank you, Counsel. Good morning. Good morning. Deputy Attorney General Sciamatta-Costello appearing on behalf of Respondent. The petitioner has not shown either that he is entitled to equitable tolling or to a hearing because even assuming that his factual allegations are true, he still cannot satisfy both prongs of the Bill's test. Under the first prong of the Bill's test, the petitioner has to show that he had a mental illness that was so debilitating that he could not understand the concept of a deadline or prepare a petition, and he failed to do that. First, that assertion is contradicted by the record. When petitioner was being advised of his appellate rights by the trial court, he asked the court, is there certain grounds that I have to appeal on? And he also asked the court, how long will I have before my appeal is heard? Those questions show that this petitioner did have the capacity to grasp legal concepts on his own, despite his mental condition, which had been diagnosed well before the trial. Second, this petitioner had the opportunity to present the district court with any allegations, declarations, or records that he believed supported his claim for equitable tolling, and he failed to satisfy his burden of making even the most basic showing of factual allegations that, if showed true, would prove that he is entitled to equitable tolling. For example, in his own declaration, he did not even claim that the reason his petition was untimely was because of his mental impairment. He chose instead to blame his appellate counsel. In addition, of the other three declarations that were filed, the inmates collectively only addressed one month out of the entire two years and nine months that he needs to have equitably tolled. Did he preserve the issue of requesting a hearing? There is a passing request for a hearing in one of his pleadings that he did file. He didn't file a separate motion for that, but I did see that he made a passing request for a hearing. So you're not taking the position that he waived it? No, I'm not asserting that he waived it, but that, regardless, it doesn't matter, because even if we assume everything that he's alleged to be true, which is what is required since the court has said that in Laws v. Lamarck, in Roy v. Lampert, and also in the Roberts v. Marshall case, the inmate has to at least make a prima facie showing based on his factual allegations, and here he doesn't even come close to making that showing. How do you distinguish our en banc case of Whalum v. Early, where the court remanded to the district court to develop the record because it was conceivable that equitable tolling was merited? The reason that that case is distinguishable is because there, there were unresolved factual questions. But here, even if we assume that all his facts are true, he still cannot satisfy his burden. So there is not the issue, then, of the unresolved factual questions that might give rise to equitable tolling because, regardless of any factual dispute, his claim still fails if all the facts are found in his favor. Well, I guess I'm not sure I understand why that's so clear in your mind. I mean, there's no dispute that he suffers from a mental impairment, right? It's not like, at least as counsel was characterizing the Ye case, where the person just comes in and there's just really no basis to believe that he even has a mental impairment. Our petitioner does have a mental impairment. Correct. And it seems to me your strongest fact is that he was able, with the help of other inmates, to file in state court. But his position is that, look, there are a lot of undeveloped facts, or at least unclear facts at this point as to whether he could have gotten similar assistance to file a federal petition. And I guess I look at this record and there's really, I mean, we have no clue what the facts might be as to that point. And so why doesn't that require further development in an evidentiary hearing? It doesn't because he had the opportunity to present the district court with anything that he desired to support that. And in this case, the district court actually gave him some very specific and detailed instructions about what he needed to allege in order to show a basis for equitable tolling. The court told him that he needed to address the nature and extent of any extraordinary circumstance and also the impact that that would have on his filing. And so even with a mental condition, as this court said in the EA case, the petitioner remains responsible for being diligent. And none of the inmates or petitioner has made an assertion that he did not have access to inmate assistance, either during any of the time frames where he was taking no state court or federal court action, that's an entire year and four months before the first state petition was filed, another eight months after the first petition was denied, and another 11 months after the final state petition was denied before he filed the federal petition. And so there's been no allegation that he did not have access to inmate assistance during any of those time frames. Is there anywhere in the record where Mr. Henderson, either through himself or counsel, has asserted what he would offer if he were given a hearing? And does he have to do that in order to be entitled to a remand for a hearing? He's not offered anything other than the allegations that were already made in the district court except for a new argument on appeal, which is that he could not monitor inmate assistance, but that assertion is obviously waived because he did not assert it below. And in any event, all of the same facts and factors would contradict that theory as well. And he does have to at least make the initial burden of showing that factual allegations, if proven true, he has to come up with his proffer before he can get a hearing, and here he failed to make that even basic showing that if he was entitled to a hearing, this is what evidence he would present, and if it was proven true, he would be entitled to equitable tolling. He has not come anywhere near that kind of a showing. I think counsel for appellant said that he had met that burden. What would you say the proffer consists of here? The proffer here consists of the medical records, all of which predated the operative time frame, but even still looking at those records, they merely showed that he did have a mental condition. He was diagnosed with schizophrenia. There is no dispute that that goes all the way back to at least 2000. Sometime in early 2000, he was also diagnosed with PTSD, but that was not a diagnosis that came again in the two interdisciplinary progress notes that we have from 2005 and 2006 do not include a PTSD diagnosis and simply the schizophrenia. But as this Court's cases say, it is not enough simply to point to a mental illness. There has to be a cause and effect. He must show that that mental illness actually prevented him from filing on time, and under the second prong of the Bill's test, that has to be shown even if he had the help of inmates. And here he's admitted that he had the help of inmates, at least three of them, for many years, he says, and the operative time frame is two years and nine months, so it would seem to cover that. And again, he has not asserted that he did not have access to inmate assistance during the times that he was not pursuing any relief or during any times in general. So even if we assume all of his allegations to be true, he cannot satisfy either the first part or the second part of the Bill's test. The District Court judgment dismissing the petition as untimely should therefore be affirmed. Thank you. We don't appear to have any additional questions. Thank you for your argument. Thank you. First, regarding the A decision, I misspoke. I don't have a full copy of the decision. I have a page of notes. I have a page of notes that I made, excerpts from the opinion, which I believed were complete. I do think, in that case, I do not believe, I may stand corrected, that there was a non-frivolous showing of a mental impairment other than language deficiency, and that's how I would distinguish A from the instant case. And another case that's, I think, the same as Ye, was cited in this court's order granting the COA, which is Stankles v. Clay. And in that case, it was similar to Ye in the sense that you said that they applied the Bill's test with no evidentiary hearing. And in that case, the petitioner alleged mental deficiency, mental defect, and he had an allegation from one inmate saying that he has, all the inmates said was that he has cognitive difficulties. And his real showing was that he had a second grade reading level and the court, while he had styled it a mental impairment, this court held that, well, an educational deficit doesn't count for equitable tolling. It's been held not to be a basis. I think both of those cases can be distinguished on the basis there was no showing of a serious mental illness or mental impairment analogous to that. And another case I'd invoke is Laws v. Lamarck, a 2003 decision. Would you say that just because someone has a diagnosed mental illness, that per se entitles them to a hearing? No, I would not. I think it's going to depend on the facts and that there needs to be a non-frivolous initial showing to warrant an evidentiary hearing. And I would, to address Respondent's point about the lack of evidence here during the relevant period, there is a lack of psychiatric evidence, of expert evidence. But he has three declarations, all of which address the relevant time period. And they all say that he's incapable of filing petitions on his own. And these are the declarations of his three inmate helpers. And I would submit that's all he had access to. And as a last point, I think these cases that the petitioner of the appellant is invoking, particularly Laws v. Lamarck and Bills v. Clark, are founded on the idea that to hold someone who claims equitable tolling based on mental illness, mental impairment from paranoid schizophrenia or anything like that, to hold them to strict pleading requirements that Respondent suggests should be done and that the magistrate judge held this appellant to, to hold them to those strict pleading requirements in order to prove that they can't comply with those very kinds of requirements is a fundamental paradox. Great. Well, thank you for your argument in this matter. Both of you, this matter will stand submitted.
judges: Callahan, Watford, Owens